Supp. 750; Reading v. Haggin, 58 Hun, 450, 12 N. Y. Supp. 368. In the last-mentioned case an action was brought to compel the rendering of an account by the defendant concerning the management and disposal of certain lands situate in the state of California, as to which a contract had existed between the plaintiff and defendant by which certain of the lands were to be conveyed by the plaintiff to the defendant, and other lands were to be acquired by the defendant under the purchase and foreclosure of a mortgage thereon, all of which property the defendant was to sell at such times as he deemed advisable, and, after repaying to himself the amount expended by him, was to pay to the plaintiff one-third of any excess over and above the same, and to himself retain the other two-thirds. It was alleged by the plaintiff that the land was conveyed by her pursuant to the contract with the defendant, and that other property was purchased under a mortgage foreclosure as contemplated by the contract, and that the defendant thereafter had sold said lands, or part thereof, and out of the proceeds of said sale had retained all moneys expended by him in the purchase, and all disbursements made in connection with such lands, and had failed to account for and pay over to the plaintiff one-third of the excess of the moneys received; and judgment was demanded for an account of the dealings and transactions of the defendant under his contract, and of the moneys received and expenditures made by him, and that he pay to her such sum as might be found to be due to her. The complaint was demurred to on the ground that it did not state facts sufficient to constitute a cause of action; and it was further objected that, as the lands were situate in the state of California, and their management was confined to that state, this court had no jurisdiction. It was held that as to the question relating to the conduct of the defendant in the management and disposition of the lands, and the uses made by him of their proceeds, the courts of the state of New York had jurisdiction over the subject of the action, and the demurrers were therefore overruled. This case seems to me to be conclusive upon the question of jurisdiction.

For these reasons, there must be judgment for the plaintiff, overruling the demurrer, with costs, with leave to the defendant to answer over on payment of costs. Settle interlocutory judgment on notice.

Argued before VAN BRUNT, P. J., and HATCH, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

John A. Straley, for appellant.
John T. Davies, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of LAWRENCE, J.

(60 App. Div. 459.)

VOGEL v. BANKS et al.

(Supreme Court, Appellate Division, Second Department. April 19, 1901.)

1. MUNICIPAL COURT—JURISDICTION.
 The municipal court of the city of New York has jurisdiction of an action to recover $500 for conversion of personalty.

2. SAME—REMOVAL OF CAUSE—ESTOPPEL TO DENY JURISDICTION.
 Where an action is brought in the municipal court for conversion of property to the value of $500, and upon giving the bond required by Laws 1897, c. 378, § 1366, the case was removed to the county court, defendants are estopped to assert that such court has not jurisdiction of their persons.

3. CONVERSION—PLEADING.
 Where, in conversion, the defense was a general denial, title in a stranger to the suit cannot be shown without connecting defendants with it, and pleading such fact.

Appeal from Kings county court.

Action by Herman Vogel against A. Bleecker Banks and others in the municipal court for unlawful conversion of personalty. From a judgment for plaintiff for $500 entered in the county court, and from an order denying a new trial, defendants appeal. Affirmed.

The following is the opinion of the county court (HURD, J.):

"This action was commenced in the municipal court. That court had jurisdiction of the persons of the defendants and of the subject of the action. Worthington v. Accident Co., 164 N. Y. 81, 58 N. E. 102; Dodge Mfg. Co. v. Nassau Show-Case Co., 44 App. Div. 603, 61 N. Y. Supp. 111; Irwin v. Railway Co., 38 App. Div. 253, 57 N. Y. Supp. 21; Kantro v. Armstrong, 44 App. Div. 506, 60 N. Y. Supp. 970. The defendants answered upon the merits, and gave the bond required by section 1366 of the charter (Laws 1897, c. 378), and removed the case to this court. This court had jurisdiction of the cause of action, which is a money demand for $500. Const. art. 6, § 14; Code Civ. Proc. § 340. Upon principle and authority, I think that the defendants are estopped to say that the court has not jurisdiction of their persons. McMahon v. Sherman, 14 N. Y. St. Rep. 637; Patten v. Neal, 62 How. Prac. 158; Clapp v. Graves, 26 N. Y. 418; Plankroad Co. v. Baker, 12 How. Prac. 371; Bunker v. Langs, 76 Hun, 543, 28 N. Y. Supp. 210. The defense was a general denial. The conversion could not be justified by showing title in a stranger to the suit without connecting the defendants with it. There was no such plea, and no such question was before the court. Wheeler v. Lawson, 103 N. Y. 40, 8 N. E. 360. Motion for a new trial denied; 5 per cent. extra allowance to plaintiff. Stay of 20 days after entry of judgment."

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

John C. Coleman, for appellants.
David Teese, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of HURD, County Judge.

---

(34 Misc. Rep. 693.)

## SCHMIDT v. McCAFFREY.

(Supreme Court, Special Term, Nassau County. May, 1901.)

PLEADING—GENERAL DENIAL.
    A general denial cannot be stricken out as sham, under Code Civ. Proc. § 538, authorizing the striking out of "a sham answer or a sham defense."

Action by George Schmidt against Robert McCaffrey. Motion to strike out answer as sham denied.

Edward L. Frost, for plaintiff.
John B. Merrill, for defendant.

GAYNOR, J. Section 538 of the Code of Civil Procedure is that "a sham answer or a sham defence may be stricken out," etc. This distinguishes an "answer" and a "defence" as separate things in the terminology of pleading, whereas the term "answer" includes the term "defence." An answer may consist of a denial or denials only, or of a "defence" only, or of both. Code Civ. Proc. § 500. But a denial cannot be struck out as sham, i. e., false, but only a "defence." Wayland v. Tysen, 45 N. Y. 281. This serves to illustrate the differ-